L/N

1  Ivin Mood, Plaintiff/ Appellant

2  1885 Anaheim Ave.

3  Costa Mesa, CA 92627

4  Contact: Ivnplaintm@gmail.com



5
6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA~ SANTA ANA**

7  Ivin Mood,                              Dist Crt. no.8:22cv1820-CJC-JDEx
8          Plaintiff, Appellant            Appellate case no. G061097
                                           Assigned to:
9                                          Crt Rm:
10  v.                                     **APPELLANT REQUESTS LEAVE OF COURT TO PETITION FOR MOTION FOR GRANT OF SUBJECT MATTER JURISDICTION UNITED STATES CONST. ART III**
11  City of Newport Beach
12  People of the State of California       Under 28 U.S.C. Section 1331,1367
13          Defendant / Respondent's

14
15

**OPINION MEMORANDUM**

16  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

17  HERIN:

18  PLEASE TAKE NOTICE that on October        , 2022 at        a.m. or as soon as the matter

19  may be heard before the United States District Court, Magistrate Judge, at 411 West 4th

20  Street, Santa Ana,CA 92701, Plaintiff and appellant will and hereby does, petition to seek

21  leave to motion for Grant of subject matter jurisdiction, pursuant to L.R. 73-2, 73-2.1, if

22  the court determines that it has jurisdiction under Section 72, on issue of damages. Cal

23  Government Code Section 815.2 subdivision(a).Mr. Mood, asserts that federal supplemental

24  jurisdiction statute,28 U.S.C. Section 1367, allows a litigant without a federal claim to bring

25  into federal court with it any state claims that are so related to the federal claim that they

26  "form part of the same case or controversy." "under Article III. of the United States

27  Constitution," thus, a plaintiff seeking damages under 42 U.S.C. Section 1983, for violations

28  of First, Fourth and Fourteenth Amendment rights, could litigate in the same federal court

1

APPELLANT IVIN MOOD SEEKS LEAVE TO PETITION FOR MOTION FOR GRANT
OF SUBJECT MATTER JURISDICTION U.S. CONST. Art III, 28 U.S.C. Section 1331, 1367

# I.   TABLE OF CONTENTS

**Page**

**I.** Relevant Procedural History.................................................................2

II. Procedural History..............................................................................3

III. Exhaustion of Administrative Remedies............................................4

IV. Statement of Jurisdiction...................................................................4

**5. Plaintiff's "clearly established" rights**
   under Section 1983......................................................................... 5

**6. Plaintiff instructs Magistrate Judge, to certify**
   **that plaintiff's 1983 rights were subjected to**
   **"deliberate indifference"** to his **"clearly**
   **established"** right to obtain redress..............................................5

**7. Plaintiff had also claimed that he was a**
   **member of a protected class"class of**
   **one"** individuals before April 30, 2016
   arrest and imprisonment..................................................................5

**8. The Process Now Due to Plaintiff**.....................................................6

**9. Plaintiff also asserts that his First Amendment**
   **rights were chilled by the alleged existence of**
   **malice,** thereby leading to defendant's collaboration
   with jail deputies who subjected Mr. Mood, to three
   forms of physical abuse....................................................................6

**10. There is No Prejudice to the Defendant's**......................................6

**11. And therefore, Mr. Mood establishes that he**
   **has been obstructed from presenting his**
   **justifiable claims to the court**......................................................7

**12.** Plaintiff asserts that based on the record of the
   trial court and taking the facts in the light most
   favorable to him, a reasonable jury could find
   that plaintiff was subjected to an unreasonable
   forced physical detention...................................................................7

**13. Defendant's also obstructed Mr. Mood's right to**
   **obtain redress by causing the termination of his**
   **rental agreement at his Storage,** where he kept
   all of his legal documentation obtained from.................................7

i

## II. TABLE OF CONTENTS

Page

**14. Causation**
A plaintiff must show that there is an
"affirmative link" between the street
level misconduct and the action, or
inaction of supervisory authorities.................................................................8

**15.** Plaintiff sufficiently establishes that,
necessary causation in his cause under
section 1983, where he has demonstrated
a "plausible nexus" or "affirmative link"..................................................8

**16. Presenting a prima facie claim that
there is a "special relationship" that
has been created by the defendant's
against those known to be homeless**.................................................9

**17. Plaintiff also establishes that after
reviewing the relevant statutory
scheme and the facts of his section
1983 case, that his constitutional
injury relates to potential statutory
violations**................................................................................9

**18. Monell does not require that a jury
find an individual defendant liable
before it can find a local governing
body liable, under the language of
section 1983**..........................................................................9

**19.** Plaintiff has sufficiently established
that, claims of retaliation against
municipalities because of the
exercise of a pro se litigants First
Amendment rights......................................................................10

**20.** Plaintiff must also conclude that,
where objective reasonableness
of defendant's City official's
conduct turns on disputed issues
of material fact, however it is a
question of fact best resolved by
a jury......................................................................................10

## III.TABLE OF CONTENTS

**Page**

21. Plaintiff concludes that, a
    judgment in his favor holding
    that defendant's custom or policy
    against him for filing constitutional
    claims in the District Court
    criticizing their municipality's
    policy making official's.................................................................................................11

22. **Plaintiff finally concludes that,**
    **the Magistrate judge should**
    **determine as to whether,**
    **according to the evidence on**
    **the record does, Mr. Mood**
    **sufficiently establish a claim**
    **upon which damages can be based**..................................................................11

23. Plaintiff can also establish based on
    the record as in the case, Trent v.
    Atlantic City Electric Co. where it
    was held that sua sponte reversal
    granted on the basis of plain or
    fundamental error ........................................................................................................11

24. **Plaintiff also finally establishes that,**
    **where the Ninth Circuit Court held in**
    **Barabin v. Asten Johnson, that when**
    **"the erroneous admission of evidence**
    **actually prejudiced the defendant such**
    **that error was not harmless"**..................................................................................12

25. Therefore, the trial court's failure to give
    a revised instruction to the jury was
    prejudicial, even though Mr. Mood could
    not present evidence that he was in mid-
    litigation against the defendant's for
    violations of his Fourth and Fourteenth
    Amendment rights.........................................................................................................12

## IV. TABLE OF CONTENTS

**Page**

**26. Plaintiff finally establishes that, defendant's
law enforcement misconduct does not have to
be proven only by direct evidence, a jury's
finding for a plaintiff is an excessive force
case may unquestionably rest in inferences**.................................. 12-13

27. Plaintiff finally establishes that, because
his new section 1983 action, brought
against the same municipal defendant
where new, non named municipal
authorities may be liable "under color
of state law" and the "state action"......................................13

**28. Plaintiff therefore establishes as to
whether the Magistrate Judge,
should determine that the burden
now rests on the Defendant's**......................................13

29. Plaintiff also finally establishes that,
upon review of the court's records,
that are alleged to show a manifest
abuse of discretion, which should
support a decision for Mr. Mood......................................14

30. Plaintiff also finally establishes that
as the court held in Peters v. Bigelow,
the rule was stated to be (quoted from
syllabus);"when an arrest is made
without process it is not necessary
to allege, in an action for damages......................................14

**31. Also in its decision favoring Mr. Mood,
the court may conclude that defendant's
can be found liable for acts of their
officer's alleged misconduct, which was
in violation of Mr. Mood's First and
Fourteenth Amendment rights**......................................14

**32. Plaintiff further establishes that his
Fourteenth Amendment rights were
again allegedly obstructed by
additional litigation required to
determine the liability of the
County of Orange**......................................15

## V.  TABLE OF CONTENTS

Page

**33. Decision Applying Public Trust
[cite] City of Berkeley v. Superior
Court, potential liability of
defendant's was extended under
earlier court decisions**..................................................................................15

**34.The "administration of  justice"
retroactive application, providing
the existence of so called "intangible"
damages may be in theory, from
"special findings"**.........................................................................................16

**35.** Plaintiff finally concludes that, when
a verdict is found for the plaintiff in an
action for recovery of money, or for the
cross-complaint, in an action
commenced under Title 7.................................................................................16

**36. CONCLUSION**............................................................................................16

## VI   TABLE OF AUTHORITIES

Page

Davis v. Passman (1979) 442 U.S. 228
[60 L. Ed. 2d. 846, 99 S. Ct. ]........................................................................2

Ashcroft v. Iqbal, 556 U.S. 662, 657-
77, 129 S. Ct. 1937, 173 L. Ed. 2d.
868 (2009).....................................................................................................2

Schnabel v. Lui, 302 F. 1023, 1029
(9th Cir. 2002)..............................................................................................2

Huggins v. Winn-Dixie Greenvile, Inc.
252 S. C. 353, 166 S.E. 2d. 297 (1969)........................................................2

Rizzo v. Goode, 423 U.S. 362, 375-77,
96 S. Ct. (1969).............................................................................................2

Bryan v. Mc Pherson, 630 F. 3d 805,
823-24 (9th Cir. 2010)...................................................................................3

People v. Silver, supra, Cal. 2d. 714,
723 [108 P. 2d 4].........................................................................................3

## VII  TABLE OF AUTHORITIES

**Page**

People v. Yoder, 35 Cal. App. 2d.
247 [95 Pa. Cal. 2d. 470]........................................................................3

People v. Lamson, 1 Cal. 2d. 648
[36 P. 361]........................................................................................3

People v. Newland, 15 Cal. 2d. 678,
[104 P. 2d 778]..................................................................................3

Schiller v. Stangis, 540 F. Supp.
605, 614 (D. Mass. 1982)......................................................................3

Bretz  v.  Kelman, 773 F. 2d 1026,
1029 (9th Cir. 1985).............................................................................3

Farmer v. Brennan, 51, U.S. 825 (1984)....................................................3

Allee v. Medrano, 416 U.S. 802, 815-16
94 S. Ct. 2191, 40 L. Ed 2d 566 (1974)....................................................5

Lewis v. Hyland, 554 F. 2d 93 (1977)......................................................5

Wayte v. United States, 470 U.S. 598,
690, 105 S. Ct. 1524, Aff'd___U.S.___,114
S. Ct. 807, 127 L. Ed. 2d. 114 (1993).....................................................5

Garcia v. Salt Lake County, 768 F. 2d 303
(10th Cir. 1985)..................................................................................5

Hewitt v. City of Truth or Consequences,
758 F 2d 1375 (10th Cir.), cert. denied, 474
U.S. 844, 106 S Ct. 131, 88 L. Ed 2d 108
(1985)..............................................................................................5

Mc Kay v. Hammock, 730 F. 2d 1367, 1458
(10th Cir. 1984)..................................................................................5

Wise v. Bravo, 666, F. 2d 1328 (10th Cir. 1981).........................................5

Anderson v. Creighton, 483 U.S. 635, 638
(1987)..............................................................................................5

# VIII. TABLE OF AUTHORITIES

**Page**

Griffin v. Breckenridge, 403 U.S. 88, 91
S. Ct. 1790, 29 L.Ed. 338 (1971)................................................................5

Bricker v. Crane, 468 F. 2d 1228 (1st Cir.
1972), cert, denied, 410 U.S. 930, 93 S. Ct.
1368, 35 L. Ed. 2d. 592 (1973)................................................................5

Parratt v. Taylor, 451 U.S. 527, 539, 101
S. Ct. 1908, 1915, 68 L. Ed. 2d. 420 (1981)

S.H. Kress & Co. v. Bradshaw, (1940) 186
OKI 588 , 99 2d 508................................................................6

Lu Lukas v. J.C. Penny Company (1963) Or.
378 P. 2d 717, 725................................................................6

City of Colton v. Singletary (2012) 206
Cal. App. 4Th 751, 767................................................................6

Roe v. Wade, 410 U.S. 113, 125 (1973)................................................................6

SEC v. Medical Comm For Human Rights,
404 U.S. 113, 125(1972)................................................................6

Hartman v. Moore, 547 U.S. 250, 256,
266 (2006)................................................................6

Crawford-El  v. Britton, 523 U.S. 574,
593 (1981)................................................................6

City of Houston v. Hill, 482 U.S. 451,
461 (1987)................................................................6

Bartlet v. Nieves, No. 16-35631, 2017
WL 4712440 (9th Cir. 20, 2017)................................................................6

Ashcroft v. al-Kidd, 563 U.S. 731, 741
(2011)................................................................6

Skoog v. County of Clackamas, 469 F.
3d 1221 (9th Cir. 2006)................................................................6

## IX.  TABLE OF AUTHORITIES

**Page**

Ford v. City Yakima, 706 F. 3d
1188 (9th Cir. 2013)............................................................................................6

Deakins v. Monaghan, 484 U.S. 193, 200..............................................................6

Preiser v. Newkirk, 422 U.S. 395, 401(1975)........................................................6

Ewolski v. City of Brunswick, 287 F. 3d 492,
501 (6th Cir. 2002)............................................................................................7

Polk County v. Dodson, 454 U.S. 312, 102 S.
Ct. 445, 70 L. Ed. 2d. 509(1981)......................................................................7

Rizzo v. Goode, 423 U.S. 362, 375-77, 96 S.
Ct. (1969)..........................................................................................................7

Conlisk v. Calvin, 424 U.S. 902, 96 S. Ct. 1093,
47 L. Ed. 2d. 307 (1976)...................................................................................7

Gumz v. Morrissette, 772 F. 2d 1395, 1399
(7th Cir. 1985), cert. denied,____U.S.____, 106 S.
Ct. 1644, 90 L. Ed. 2d. 189 (1986)...................................................................7

Lewis v. Downs, 774 F. 2d 711 (6th Cir 1985)........................................................7

Blake v. Katter, 693 F. 2d 677 (7th Cir. 1982).......................................................7

Black v. Stephens, 662 F. 2d 181 (3d Cir. 1981)....................................................7

Meredith v. Erath, 342 F. 3d 1057, 1061 (9th Cir. 2003).......................................7

Wall v. City of Orange, 364 F. 3d 1107, 1112
(9thCir. 2004)....................................................................................................7

Gutierez-Rodriguez, 882 F. 2d at 562.....................................................................8

Rizzo v. Goode, 423 U.S. 362, 371 (1976).............................................................8

Ng v. State Personnel Bd., supra, 68 Cal. App.
3d 600...............................................................................................................8

Arnett v. Kennedy (1974) 416 U.S. 134
[40 L.Ed. 15, 94 S. Ct. 1633]...........................................................................8

# X. TABLE OF AUTHORITIES

**Page**

Perry v. Sindermann, (1972) 408 U.S. 593 [33 L. Ed. 570, 92 S. Ct. 2694]...............8

Board of Regents v. Roth (1972) 408 U.S. 564 [33 L.Ed. 2D. 548, 92 S. Ct. 2701]...............8

Maldonado v. Denis, 23 F. 3d at 582...............8

City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)...............8

Carswell v. Borough of Homestead, 381 F. 3d 235, 244 (3d Cir. 2004)...............8

Bielevicz, 915 F. 2d at 851...............8

Spell v. Mc Daniel, 824 F 2d 1380,1391 (4th Cir. 1987)...............9

Board of County Com'rs of Byran County, Okl. V Brown, 520 U.S. 397, 409-10 (1997)...............9

Obrey v. Johnson, 400, F. 3d 691, 699 (9th Cir. 2005)...............9

Beck v. Ohio,85 S. Ct. 223(1965)...............9

Nesmith v. Alford, 318 F. 2d 420 (1964)...............9

Cohen v. Norris, 300 F. 2d 24 (9th Cir. 1962)...............9

Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11-12 (1979)...............9

Wolf v. Mc Donnell, 418 U.S. 539, 556-57 (1974)...............9

Ciolino v. Eastman, 128 F. Supp. 3d. 366 (D.Mass. 2015)...............9

1  action for any state law claims (like violation of the state constitution, false arrest, assault

2  and battery); arising out of the same incident. Appellant also cites that the district court rule

3  which does not permit claimants, to bring forth removal motions from state appellate court,

4  the district court may however, waive a one year limitation if one year has elapsed since the

5  lawsuit was filed. If a party acted in bad faith to prevent the opposing party from litigating

6  his state law claim, also an alleged ongoing conspiracy matures when the plaintiff's right to

7  redress was shown at a hearing to deprive him or her of the equal protection of the laws.

8  [cite]Davis v. Passman (1979) 442 U.S. 228 [60 L.Ed. 2d. 846, 99 S. Ct.], appellant seeks

9  a final determination by the Magistrate judge as to whether his clearly established rights

10  were violated based upon the records of the court in which Mr. Mood now requests. A

11  reopening of the record, case no. 8:17-cv-00761-SVW, under federal Rule of Civil

12  Procedure 26(b)(1), that led to to the partial disruption of Mr. Mood's ability to obtain

13  redress of his section 1983 constitutional claims. [cite] Ashcroft v. Iqbal, 556 U.S. 662, 657-

14  77, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009); the cause-in-fact and the proximate cause

15  which satisfies the first link in section 1983's requirements. Moreover, the Magistrate judge

16  may decide as to whether the court will exercise its federal question jurisdiction, based on

17  the records of the court before us, and to entertain a new action [cite] Schnabel v. Lui, 302

18  F. 3d. 1023, 1029 (9th Cir. 2002).

19  **I. Relevant Procedural History**

20      Plaintiff Ivin Mood, is proceeding pro se and in forma pauperis, in his motion for

21  supplemental jurisdiction, if the court should reopen its record pertaining to an alleged long

22  standing history of violations of Section 1983.Case no. 8:15-cv-001154-SVW-KK, in which

23  plaintiff therefore, alleges that the record of the court establish that Mr. Mood's "clearly

24  established" right as a member of a protected "class of one." Should have been known to the

25  defendant's, City official's and their Police Department authorities,sufficient to create an

26  ulterior purpose element [cite] Huggins v. Winn-Dixie Greenville, Inc. 252 S. C. 353, 166

27  S.E. 2d. 297 (1969); also a clear showing of a causal link. [cite] Rizzo v. Goode, 423 U.S.

28  362, 375-77, 96 S. Ct. (1969). The Magistrate judge may also decide that the court does not

2

1   have supplemental jurisdiction, the court may sever those claims which Mr. Mood had

2   sought to appeal from the State Appellate Court's denial of his appeallable motion for

3   judgment notwithstanding the verdict. Based upon alleged fraud, abuse of legal process,

4   excessive or inadequate damages, creating increased risk of physical injury to a pre-trial

5   detainee at the Santa Ana Central Jails intake and receiving area on the morning of the April

6   30, 2016 arrest.[cite] Bryan v. Mac Pherson, 630 F. 3d. 805, 823-24 (9th Cir. 2010); the trial

7   had proven that no crime had been committed, Mr. Mood did not spit at the officer, based

8   on the officers testimony during cross-examination, constituting in a miscarriage of justice

9   [cite] People v. Silver, supra, Cal. 2d. 714, 723[ 108 P. 2d. 4]; People v. Yoder, 35 Cal. App.

10   2d 347[95 Pa. Cal. 2d. 470]; People v. Lamson, 1 Cal. 2d. 648 [36 P. 361]; People v.

11   Newland, 15 Cal. 2d. 678, 681 [104 P. 2d 778]. Therefore, based on the record, the

12   Magistrate may determine as to whether defendant's have intentionally deprived or severely

13   hindered plaintiff, causing an ongoing chilling effect to his First Amendment right, which

14   was also inherently impermissible conduct by state action. [cite] Schiller v. Stangis, 540 F.

15   Supp. 605, 614 (D.Mass. 1982); Bretz v. Kelman, 773 F. 2d. 1026, 1029 (9th Cir. 1985);

16   Farmer v. Brennan, 51 U.S. 825 (1984).

17   **II. Procedural History**

18       Plaintiff and Appellant Ivin Mood, filed a motion to set aside judgment, motion for

19   injunctive relief, petition for immediate stay, recall of the remittitur, recovery of motion for

20   judgment notwithstanding the verdict under Rule 8.244(c)(2), 8.272, on February 22,2021,

21   and because at the time. The Superior Court Appellate Division, was so backlogged with

22   filings which had accumulated over the Covid 19 pandemic, appellant waited an additional

23   amount of time for the court to respond to the February 22, motions. By September 27, of

24   2021, appellant received a minute order from the superior court appellate division, notifying

25   him that the motion was denied. Mr. Mood, then proceeded to motion the California

26   Supreme Court requesting to transfer the case. To the State Appellate Court for further

27   review, on appeal of the denial of a motion for judgment notwithstanding the verdict,

28   however, the Supreme Court later denied the appeal, but transferred the case to the State

3

APPELLANT IVIN MOOD SEEKS LEAVE TO PETITION FOR MOTION FOR GRANT
OF SUBJECT MATTER JURISDICTION U.S. CONST. Art III, 28 U.S.C. Section 1331, 1367

1  Appellate Court which later denied Mr. Mood's belated motion for writ of mandate
2  requesting a stay of the recall of the remittitur. Which was then denied by the State
3  Appellate Court, on February 17, 2022, appellant then erroneously filed an errant motion for
4  removal of the case for a review of supplementary jurisdiction upon removal to the U.S.
5  District Court for federal question jurisdiction. This motion wa denied by the district court
6  on May 24, 2022, appellant did not receive notice by mail, thereby requested the minute
7  order from the court on July 14, 2022 via email, plaintiff proceeded to obtain the notice of
8  discrepancy from the court clerk in person on July 18, 2022.

9  **III. Exhaustion of Administrative Remedies**

10      Plaintiff and Appellant, has exhausted all administrative remedies, to the extent required
11  by law, the public defender submitted the opening brief on April 20, 2017, the superior court
12  states that the remittitur was issued on July 5,2018, although appellant never received the
13  notice of the recall of the remittitur. At his mailing address on the aforementioned date, in
14  a separate instance Mr. Mood did not receive his denied notice of appeal from the California
15  Supreme Court clerk, until December 23, 2021 after it had been mailed to the clerk on
16  September 2, 2021, because it was mailed to the wrong address. Causing a severe delay in
17  resolving the appeal.

18  **IV. Statement of Jurisdiction**

19      The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1367, the relief sought is
20  not available in any other court because manifest injustices in the legal system have been
21  restrictive of plaintiff's protected class, "class of one" status, in the defendant's municipality.
22  The Constitutional deprivations subjected against plaintiff Mr. Mood, as a member of a
23  protected class has been occurring in the face of the filing of the constitutional claims for
24  relief at the Superior Court, State Appellate Court, and the California Supreme Court. In
25  which the court's have thus far denied plaintiff's motions for injunctive relief and without
26  the requested relief the defendant's have intensified their retaliation and deprivation of Mr.
27  Mood's right to re-enter the workforce, because defendant's have constricted his freedom of
28  movement by public transportation and have also caused negative mischaracterization of

1  his innocent drug free, crime free characteristics. Mr. Mood, further alleges that the

2  defendant's conduct deprived him of liberty to study civil rights law without being harassed

3  at their public library, subjecting Mr. Mood to threats of violence by a man named Robert

4  Janeway.[cite] Allee v. Medrano, 416 U.S. 802, 815-16 94 S. Ct. 2191, 40 L. Ed. 2d. 566

5  (1974); Lewis v. Hyland, 554 F. 2d 93 1 (1977).

6  **5. Plaintiff's "clearly established" rights under Section 1983**

7      Section 1983 provides a private right against state actors, that is, by public official's acting

8  under color of law, who deprive individuals of rights confirmed by the federal constitution

9  or statutory law, liability under that rubric, is not strict or absolute, but  where the qualified

10  immunity doctrine, constitutes it's escape hatch, it holds that harmless state actors whose

11  behavior, undermines section 1983 plaintiff's right. When they where knowingly or should

12  have been clearly established, according to the courts record may show that defendant's

13  were motivated by a discriminatory purpose. [cite] Wayte v. United States, 470 U.S. 598,

14  609, 105 S. Ct. 1524, Aff'd___U.S.___, 114 S. Ct. 807, 127 L. Ed. 2d. 114 (1993).

15  **6.**  Plaintiff Mr. Mood, therefore, instructs the Magistrate judge, to certify that his Section

16  1983 rights, where in fact subjected to "deliberate indifference" to his "clearly established"

17  right to obtain redress in the courts, while he sought legal advisement in the District Courts'

18  Federal Pro se Clinic. Prior to the continued violations of his Fourth and Fourteenth

19  Amendment due process rights [cite] Garcia v. Salt Lake County, 768 F. 2d 303 (10th Cir.

20  1985); Hewitt v. City of Truth or Consequences, 758 F. 2d 1375 (10th Cir.), cert. denied, 474

21  U.S. 844, 106 S. Ct. 131, 88 L. Ed. 2d. 108 (1985);Mc Kay v. Hammock, 730 F. 2d 1367,

22  1458 (10th Cir. 1984); Wise v. Bravo, 666 F. 2d 1328(10th Cir. 1981).

23  **7. Plaintiff had also claimed that he was a member of a protected class "class of one"**

24  **individuals before the April 30, 2016 arrest and imprisonment, unreasonable physical**

25  **abuse, subjected against him by request of the defendant's officer at the Santa Ana**

26  **Jail.** And such conduct should function for purposes of governmental consistency [cite] e.g.,

27  Anderson v. Creighton, 483 U.S. 635, 638 (1987); Griffin v. Breckenridge, 403 U.S. 88, 91,

28  S. Ct. 1790, 29 L. Ed. 338 (1971); Bricker v. Crane, 468 F. 2d 1228 (1st Cir. 1972), cert.

1  denied, 410 U.S. 930, 93 S. Ct. 1368, 35 L. Ed. 2D 592 (1973).

2  **8. The Process Now Due To Plaintiff**

3    The Supreme Court has stated that, "either the necessity of quick action by state or the

4  impracticality of providing post-deprivation process," "when coupled with availability

5  providing post deprivation procedures," "can satisfy the requirements of procedural due

6  process." [cite] Parratt v. Taylor, 451 U.S. 527, 539, 101 S. Ct. 1908, 1915, 68 L. Ed. 2d.

7  420 (1981); and also in the face of allegations of "concurrent cause situations." [cite]S.H.

8  Kress & Co. v. Bradshaw (1940) 186 OKl, 588, 99 2d 508; Lu Lukac v. J.C. Penny

9  Company (1963) 233 Or. 378 P. 2d 717, 725. Leading to deprivation of First Amendment

10  right to obtain redress in the courts [cite] City of Colton v. Singletary(2012) 206 Cal. App.

11  4Th 751, 767; Roe v. Wade, 410 U.S. 113, 125 (1973); 422 U.S. 395, 402; SEC v. Medical

12  Comm For Human Rights, 404 U.S. 113, 125 (1972).

13  **9.** Plaintiff's also asserts that his first amendment rights where chilled by the alleged

14  existence of malice, thereby leading to defendant's collaboration with jail intake deputies

15  who subjected Mr. Mood, to three forms of physical abuse before being convicted of any

16  crime.[cite] Hartman v. Moore, 547 U.S. 250, 256, 265 (2006); Crawford-El v. Britton, 523

17  U.S. 574, 593 (1981); City of Houston v. Hill, 482 U.S. 451, 461 (1987); Bartlett v. Nieves,

18  No. 16-35631, 2017 WL 4712440 (9th Cir. Oct. 20, 2017).The Ninth Circuit has established

19  that police action motivated by retaliatory animus was unlawful, even when probable cause

20  existed for that action [cite] Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011); Skoog v. County

21  of Clackamas, 469 F. 3d 1221 (9th Cir. 2006); Ford v. City of Yakima, 706 F. 3d 1188 (9th

22  Cir. 2013).Such a binding effect clears the path for future re-litigation [cite] Deakins v.

23  Monaghan, 484 U.S. 193, 200; Crane v. Fauver, 762 F. 2d 325, 328-329 (CA3 1985);Preiser

24  v. Newkirk, 422 U.S. 395, 401 (1975).

25  **10. There is No Prejudice to the Defendant's**

26    Plaintiff urges that, defendant's will not suffer prejudice if they must respond to the

27  motion, and because the court must review the record of the facts on the transcripts of the

28

1    motion, and because the court must review the record of the facts on the transcripts of the

2    trial court, and timing of amended claims, will not result in prejudice because the

3    defendant's are presented with facts on the record of the district court. Which do not present

4    a duplication of past legal defenses, such circumstances of prejudices is thereby insufficient

5    to cause a denial of plaintiff's petititon to grant subject matter jurisdiction in which case Mr.

6    Mood, establishes new evidence of concealment of violations of his "clearly established"

7    rights, as a member of a protected "class of one" individual's in the defendant's municipality

8    who do not have a place of residence. [cite] Ewolski v. City of Brunswick, 287 F. 3d 492,

9    501(6th Cir. 2002); Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. E.d. 2D 509

10   (1981); where the court held official policy must be the moving force of the constitutional

11   violation[cite] Rizzo v. Goode, 423 U.S. 362, 375-77, 96 S. Ct.(1969).

12   **11.**  And therefore,  Mr. Mood establishes that he has been obstructed from presenting his

13   justifiable claims to the court for the last four years [cite] Conlisk v. Calvin, 424 U.S. 902,

14   96 S. Ct. 1093, 47 L. Ed. 2d. 307 (1976); 446 F. 2d at 1348-49; constituting a deprivation of

15   liberty without due process of law [cite] Gumz v. Morrissette, 772 F. 2d 1395, 1399 (7th Cir.

16   1985), cert. denied, ____U.S.___, 106 S. Ct. 1644, 90 L.Ed. 2d 189 (1986); Lewis v. Downs

17        774 F. 2d 711 (6th Cir. 1985); Blake v. Katter, 693 F. 2d 677 (7th Cir. 1982); Black

18   v. Stephens, 662 F. 2d 181 (3d Cir. 1981), cert. denied, 455 U.S.

19   **12.  Plaintiff asserts that based on the record of the trial court and taking the facts in**

20   **the light most favorable to him, a reasonable jury could find that plaintiff was**

21   **subjected to an unreasonable forced physical detention.** While he made no effort to resist

22   the officer's pat down, by spitting at him, as the officer had stated in his cross-examination

23   (RT:30) "he had no reason to wipe his face" which resulted in a violation of Mr. Mood's

24   Fourth Amendment right. [cite] Meredith v. Erath, 342 F. 3d 1057, 1061 (9th Cir. 2003);

25   Wall v. Cty. Of Orange, 364 F. 3d 1107, 1112 (9th Cir. 2004).

26   **13.  Defendant's also obstructed Mr. Mood's right to obtain redress by causing the**

27   **termination of his rental agreement at his Storage, where he kept all of his legal**

28   **documentation obtained from the District Court.** Because defendant's obtained the

7

1  information about his storage from his employer, then contacted the storage manager and
2  decided to interfere with mail that was sent to plaintiff having the mail from the storage sent
3  back causing it to appear as though Mr. Mood was irresponsive. This alleged undue
4  influence is alleged to have caused plaintiff's property to be taken from his storage as a way
5  to disrupt his litigation, based on the records of the Baker and Fairview Storage on Fairview
6  Road. in Costa Mesa (714)979-3100.

7  **14. Causation**

8      A plaintiff must show that there is "an affirmative link" between the street level
9  misconduct and the action, or inaction of supervisory authorities of the defendant's police
10 department [cite] Gutierez-Rodriguez, 882 F. 2d at 562(quoting Rizzo v. Goode, 423 U.S.
11 362, 371 (1976). This requirement can be satisfied even if the supervisor did not participate
12 directly in the conduct that violated an innocent citizens protected property interests [cite]
13 Ng v. State Personnel Bd., supra, 68 Cal. App. 3d. 600; Arnett v. Kennedy (1974) 416 U.S.
14 134[40 L.Ed. 15, 94 S. Ct. 1633]; Perry v. Sindermann (1972) 408 U.S. 593[ 33 L. Ed. 570,
15 92 S.Ct. 2694]; Board of Regents v. Roth (1972) 408 U.S. 564[33 L. Ed. 2d. 548, 92 S. Ct.
16 2701]. A sufficient causal nexus may be found if the supervisor knew of the overtly or
17 tacitly approved conduct, disruption of plaintiff's right draft his constitutional claims from
18 documents kept at a storage, consequently. Deliberate indifference to the litigant's right to
19 obtain redress in the courts, can forge the necessary link between the acts or omissions of
20 supervisory personnel and the misconduct of their subordinate officer's. [cite] Maldonado-
21 Denis, 23 F. 3d at 582.

22 **15.** Plaintiff sufficiently establishes that, necessary causation in his cause under section
23 1983, where he has demonstrated a "plausible nexus" or "affirmative link" between the
24 municipality's custom or policy and the specific deprivation of constitutional rights at issue
25 Id. (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985);Carswell v. Borough
26 of Homestead, 381 F. 3d 235, 244 (3d Cir. 2004). Although the decision as to whether the
27 municipal custom or policy proximately caused the constitutional injury, should be left to
28 the jury at trial on damages. [cite] Bielevicz, 915 F. 2d at 851; and by the permitted

1    continuation of the custom of deliberate indifference. Id. (quoting Spell v. Mc Daniel, 824

2    F. 2d 1380, 1391 (4th Cir. 1987); Board of County Com'rs of Bryan County, Okl. v. Brown,

3    520 U.S. 397, 409-10 (1997).

4    **16.** And by presenting a prima facie claim that there is a "special relationship" that has been

5    created by the defendant's custom of "deliberate indifference"against those known to be

6    homeless, based on the records of the district court, which has led to the obstruction. Of Mr.

7    Mood's right to obtain redress under the First Amendment [cite] Obrey v. Johnson, 400 F.

8    3d 691, 699 (9th Cir. 2005); and the deprivation of his Fourteenth Amendment rights [cite]

9    Beck v. Ohio, 85 S. Ct. 223 (1965); Nesmith v. Alford, 318 F. 2d 420 (1964); Cohen v.

10    Norris, 300 F. 2d 24 (9th Cir. 1962). Plaintiff has sufficiently established reasonable legal

11    ground for requesting the Magistrate to determine as to whether the defendant's obstructed

12    Mr. Mood's right to obtain redress of the aforementioned section 1983 claims.

13    **17.  Plaintiff also establishes that after reviewing the relevant statutory scheme and the**

14    **facts of his section 1983 case, that his constitutional injury relates to potential statutory**

15    **violations.** And they should be decided by a court that is able to hear them. On the basis that

16    the conditions leading to Mr. Mood's alleged false arrest and imprisonment on double

17    charges added to his unjustified physical punishment while being placed in detention as a

18    pretrial detainee. Might well be viewed as arbitrary and capricious local governing body

19    action [cite] Greenholtz v. inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11-12

20    (1979); Wolf v. Mc Donnell, 418 U.S. 539, 556- 57 (1974). Oklahoma City v. Tuttle, 471

21    U.S. 808, 823 (1985);Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S.

22    397, 409-10 (1997); Ciolino v. Eastman, 128 F. Supp. 3d. 366 (D. Mass. 2015); Ciolino v.

23    Gikas, 861 F. 3d 296 (1st Cir. 2017); United States v. Price, 383 U.S. At 794.

24    **18.** Monell does not require that a jury find an individual defendant liable before it can find

25    a local Governing body liable, under the language of section 1983, which "plainly imposes

26    liability on a governing body official's municipality." That under color of some official

27    policy, causes an employee to violate anothers constitutional rights [cite] Monell, 436 U.S.

28    at 2036. Therefore, the cause presented by plaintiff, must be reviewed by the Magistrate as

1   a new case, in the district court, then if the magistrate finds that based on the record and the

2   totality of the circumstances, defendant's intentional obstruction had caused plaintiff's

3   constitutional right to be chilled. Allegedly constituting in a violation to his procedural due

4   process, although the Supreme Court held in Monroe v. Pape, that a section 1983, plaintiff

5   need not establish a "specific intent to deprive him of a federal right."[cite] Testa v. Kat

6   (1947) 330 U.S. 386, 389-393 [91 L. Ed. 967, 969-972, 67 S. Ct. 810, 172 A.L.R. 225].

7   **19.**  Plaintiff has sufficiently established that, claims of retaliation against municipalities

8   because of the exercise of a pro se litigants First Amendment rights, are cognizable under

9   Section 1983 [cite] Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 97 S.

10   Ct. 568, 50 L.Ed. 2d. 471 (1977). Although "retaliation is not expressly referred to in the

11   Constitution," is nonetheless actionable because "retaliatory actions may tend to chill an

12   individuals' exercise of constitutional rights." [cite] ACLU of Md., Inc. v. Wicomico County

13   999 F. 2d 780, 785 (4th Cir. 1983); Powell, 221 F. Supp. 2d. At 121.

14   **20.**  Plaintiff must also conclude that, where objective reasonableness of defendant's City

15   official's conduct turns on disputed issues of material fact, however it is a question of fact

16   best resolved by a jury. [cite] Scott v. Harris, 550 U.S. 372, 381 n. 8 (2007)(quoting Wilkins

17   v. City of Oakland, 350 F. 3d 949, 955 (9th Cir. 2003); City of Newport v. Fact Concepts,

18   Inc. 453 U.S. 247, 266-67, 101 S. Ct. 2748, 2759-60, 69 L. Ed. 2d. 616 (1981). In which a

19   reasonable jury may recognize whether a retaliation claim, where named Police Department

20   defendant's, instituted allegedly misleading double criminal charges, against a known pro

21   se litigant. After the Magistrate judge granted plaintiff's Third Amended Complaint, then

22   before Mr. Mood could properly respond to summary judgment requests for admissions and

23   interrogatories, he was spending most of his time at the defendant's own court facing felony

24   charges before a jury.[cite] Collins v. Nuzzo, 244 F. 3d 246, 251 n. 2 (1st Cir. 2001);

25   Fishman v. Clancy, 763 F. 2d 485, 486-87 (1st Cir. 1985);Gomez v. Allegheny Health Servs.

26   Inc. 71 F. 3d 1079, 1083 (3d Cir. 1995); Brower v. City of Inyo, 489 U.S. 593 (1989);

27   Thomas v. Collins, 323 U.S. 516 (1945).Pp 394 U.S. 585-588.

28

APPELLANT IVIN MOOD SEEKS LEAVE TO PETITION FOR MOTION FOR GRANT
OF SUBJECT MATTER JURISDICTION U.S. CONST. Art III, 28 U.S.C. Section 1331, 1367

1    **21.  Plaintiff concludes that, a judgment in his favor holding that the defendant's**

2    **custom or policy against him for filing constitutional claims in the district court**

3    **criticizing their municipality's policy making official's.** Will benefit the public by

4    preventing the defendant's from reverting back, to the same unconstitutional custom

5    or policy in the future. [cite] Wilcox, 42 F. 3d at 556-57; Mahack-Watkins, 593 F. 3d at

6    1063.

7    **22.**  Plaintiff finally concludes that, the Magistrate judge should determine as to whether,

8    according to the evidence on the record does, Mr. Mood sufficiently establish a claim upon

9    which damages can be based. According to his alleged violation of his "clearly established"

10   rights under Section 1983 and his First Amendment right to obtain redress [cite] Hoffman v.

11   Halden, supra, 268 F 2d 280 (9th Cir. 1959); Hardwick v. Hurley, supra, 289 F. 2d 529; Mt.

12   Healthy City Csh. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L.Ed. 2d.

13   471 (1977).Regardless of whether or not the particular acts committed where taken pursuant

14   to state law or expressly authorized by state law, is action taken under color of state law.

15   [cite] Monroe v. Pape, 365 U.S. 167, 172 et. Seq., 81 S. Ct. 473, 5 L. Ed. 2d. 492 (1961);

16   Cox v. Shepard,199 Supp.(D.C.S.D. Cal. November 15, 1961, and cases therein cited.)

17   **23.**  Plaintiff can also establish based on the record as in the case, Trent v. Atlantic City

18   Electric Co., 334 F. 2d 847, 859 (3d Cir. 1964) where it was held that sua sponte reversal,

19   granted on the basis of plain or fundamental error, as in [cite] Mc Nello v. John B. Kelly,

20   Inc. 283 F. 2d 96, 102 (3d Cir. 1960). The court held that a reversal made on the basis of

21   instructions that were not objected to, because the instructions were so inadequate that they

22   were tantamount to no instruction at all.[cite] Mazar v. Lipschutz, 327 F. 2d 42, 52 (3d Cir.

23   1964) and also held that an appellate court may in its discretion, disregard the charge when

24   error claimed is plain and resulted in a miscarriage of justice. [cite] Leposki v. Railway

25   Express Agency, Inc. 297 F. 2d 849, 850 n. 1 (3d Cir. 1962).

26   **24.  Plaintiff also finally establishes that, where the Ninth Circuit Court held in**

27   **Barabin v. Asten Johnson, Inc. 740 F. 3d 457 (9th Cir. 2014)(en banc), that when "the**

28   **erroneous admission of evidence actually prejudiced the defendant, such that error**

1 **was not harmless, the appropriate remedy is a new trial." Id. At 460, 466-67.** Moreover,

2 as it was held in Crowder v. Sinyard, 844 F.2d 804, 813(5th Cir. 1989), cert. denied, 496

3 U.S. 924, 110 S. Ct. 2617, 110 L. Ed. 2d. 638 (1980), where the court recognized that

4 "courts have held that if state officials in some way retaliate against an individual for

5 seeking redress though the courts," they have "violated that person's right of access to the

6 court's." [cite] Crowder, 884 F. 2d at 813 n. 9. (citations omitted).And at the time of the

7 trial on November 29, 2016, there were three attorneys who worked for the defendant's

8 municipality who knew, Mr. Mood had filed Constitutional claims at the U.S. District Court,

9 against the City of Newport Beach .(1)Plaintiff's court appointed counsel (2) the attorney

10 representing the City of Newport Beach, Alan Christiansen (3) and their prosecutor.

11 **25.** Therefore, the trial court's failure to give a revised instruction to the jury was prejudicial,

12 even though Mr. Mood could not present evidence that he was in mid litigation against the

13 City of Newport Beach for violations of his Fourth and Fourteenth Amendment rights.

14 Thereby, the jury could conclude, based on the formulation of causation that reasonable

15 cause was a fabrication and misapplication of law. Id. 460, 466-67; Mc Nello v. John B.

16 Kelly, Inc. 283 f. 2d 96, 102 (3d Cir. 1960); Franco v. Kelly, 854 F. 2d 584, 589 (2d Cir.

17 1988). Monroe v. Pape ,365 U.S. 167, 172 et.seq., 81 S. Ct. 473, 5 L. Ed. 2d. 492 (1961);

18 Mahack-Watkins, 593 F. 3d at 1063; Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694,85 L.

19 Ed. 2d. 1 (1985); cf. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985); Adickes v.

20 S.H. Kress & Co. 398 U.S. 144 (1970).

21 **26.  Plaintiff finally establishes that, defendant's law enforcement misconduct does not**

22 **have to be proven only by direct evidence, a jury's finding for a plaintiff in an**

23 **excessive force case may unquestionably rest on inferences drawn from circumstantial**

24 **evidence.** Or manifestly, the province of the jury [cite] United States v. Goode, 814 F. 2d

25 1353, 1355 (9th Cir. 1987), the initial inquiry is based upon whether the facts alleged in the

26 light most favorable to the plaintiff demonstrate that the officers' testimony before the jury

27 is presented as it is on the record, evidencing that the officer's police report had been a

28 misstatement which was not based on the truth or eye witness statements, thus, it is clear

that the courts decision was obtained by fraud. [cite] Foerst v. Habro, 125 Cal. App. 476 [13 P. 2d 1055];Seelig v. Harvard Coop Socy, 355 Mass, 532, 537(1969); Quaranto v. Silverman, 345 Mass. 423, 426 (1963); Rizzo v. Goode, 423 U.S. 362, 375-77, 96 S. Ct. 598,461. 2d 561(1976); Shillingford v. Holmes, 634 F. 2d 263, 265 (9th Cir. 1981); Hartford- Empire Co. v. Hazel-Atlas Glass Co., 322 U.S. 238 (1944).

**27.**  Plaintiff finally establishes that, because his new section 1983 action, brought against the same municipal defendant where new, non named municipal authorities may be liable "under color of state law" and the "state action" requirement of the Fourteenth Amendment, which are identical. Is appropriate for causes in which "misuse of power, possessed by virtue of state law, is taken "under color of state law" [cite] United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L.Ed. 1368 (1941); which was founded on the rule ex parte Virginia, 100 U.S. 339, 346-347, 25 L. Ed. 676 (1880). That the action of a state officer, who exceeds the limits of his authority constitutes state action for purposes of the Fourteenth Amendment, private persons jointly engaged with state official's, in the prohibited action. Are acting "under color" of law for purposes of the statute, to act "under color" of law does not require that the accused, be an officer of the state, it is enough that he is a willful participant in joint activity with state or its agents; quoting [cite] United States v. Price, 383 U.S. at 794, 86 S. Ct. at 1157.

**28**. Plaintiff has therefore established as to whether the Magistrate judge, should determined that the burden now rests on the Defendant's to show justification for their officers' alleged, unconstitutional, double jeopardy arrest charges, which lead to a miscarriage of justice. If through extrinsic fraud or mistake, which wrongfully caused Mr. Mood to be deprived of meaningful access to the court. Where his court appointed counsel refused Mr. Mood's request to present evidence to the court that because of his "clearly established" rights, he should not have been subjected to felony arrest or obstruction charged, if he was known to be a member of a protected class of individual's.[cite] Treber v. Superior Court (1986) 68 Cal. 2d. 128, 137 [65 Cal. Rptr. 330, 436 P. 2d 330]; Yarrow v. State of California (1960) 53 Cal. 2d. 427, 434 [2 Cal. Rptr. 137, 348 P. 2d 687].

1   **29.  Plaintiff also finally establishes that, upon Review of the courts records, that are**

2   **alleged to show a manifest abuse of discretion, which should support a decision for Mr.**

3   **Mood.** [cite]Myers v. King (1969) 272 Cal. App. 2d. 571, 581 [77 Cal. Rptr. 625]; Bradfor

4   v. Edmonds (1963) 215 Cal. App. 2d. 159, 167 [30 Cal. Rptr. 185]. Where plaintiff may

5   then seek a new trial, which may be granted on all or part of the damages and liability

6   issues [cite] Little v. Superior Court (1961); if the court finds in it's review of trial court

7   transcripts, that defendant's had not acted in good faith. In their prosecution, through a

8   fraudulent proceeding that lacked eye witness evidence, video evidence, or an exact truthful

9   testimony from the arresting officer. [cite] Parratt v. Taylor (1981) 451 U.S. 527, 535 [68 L.

10  Ed. 2d 420, 429, 101 S. Ct. 1908, 1913]; Owen v. City of Independence (1980) 445 U.S.622

11  fn. 5 [63 L. Ed.2d 673, 100 S. Ct. 1398]; judgments have been vacated for fraud as in

12  Layton City v. Watson, 733 P. 2d 499, 500 (Utah 1987).

13  **30.**  Plaintiff also finally establishes that, as the court held in Peters v. Bigelow, 137 Cal.

14  App. 135[ 30 P. 2d 450], the rule was stated to be (quoting from the syllabus): "when an

15  arrest is made without process it is not necessary to allege, in an action for damages" for

16  false arrest, : "that such arrest was unlawful," "but if process is employed the facts

17  constituting the invalidity thereof must be set forth." [cite] Ah Fong v. Sternes, 79 Cal .30

18  [21 P. 381]; Collins v. Owens, 77 Cal. App. 2d. 713 [176 P. 2d 372]; Peters v. Bigelow, 137

19  Cal. 135 [30 P. 2d 450]; Mc Almond v. Trippel, 93 Cal App. 584 [269 P. 2d 837]; Burton v.

20  Drennan, 332 Mo. 512 [58 S.W. 2d 740]; 22 Am Jur. Section 101, 102 p. 419; 35 C.J.S.

21  Section 55, p. 591.).

22  **31.  Also in its decision favoring Mr. Mood, the Court may conclude that defendant's**

23  **can be found liable for acts of their officer's alleged misconduct, which was in violation**

24  **of Mr. Mood's First and Fourteenth Amendment right to the United States**

25  **Constitution.** [cite] Ingram v. Wright (1977) 430 U.S. 651, 671, fn. 40 [511 Ed. 711, 730,

26  97 S. Ct. 1401, 1412]; Bell v. Wolfish (1979)441 U.S. 520, 535 fn. 16 [60 L.Ed. 2d. 605,

27  611, 103 S. Ct. 2979, 2983].Moreover, the alleged meritless and allegedly fraudulent double

28  arrest charges, are likewise actionable because it should be clear from the opening brief (see

attachment, Opening Brief of Mr. Mood,RT:22,41at 6.) that the prosecutor knew there were two eye witnesses who both could have stated that they did not see Mr. Mood Spit at the officer. And they did not see him resist the officers Pat down, while the officer dropped his hand cuffs and picked them off the ground but would not honestly state this on his arrest report.[cite] United States v. Mc Donald, 991 F. 2d 866, 871 (D.C. Cir.1993); Layton City v. Watson, 733 P. 2d 499, 500 (Utah 1987); Parratt v. Taylor (1981) 451 U.S. 527, 535 [68 L.Ed. 2d.420, 429, 101 S. Ct. 1908, 1913]; Owen v. City of Independence (1980)445 U.S. 622 Fn. 5 [63 L.Ed. 2d. 673, 100 S. Ct. 1398].

**32.  Plaintiff further establishes that his Fourteenth Amendment rights where again allegedly obstructed by additional litigation required to determine the liability of the County of Orange, for their jail intake deputies part in subjecting a known federal pro se litigant to gratuitous violence.** In the course of three separate forms of unreasonable physical abuse while the arresting officer stood by to observe since he knew he had caused Mr. Mood to be tortured on his account for plaintiffs' filing of constitutional claims against his Police Department.[cite]United States v. Ahidley,486 F. 3d 1184, 1192 n. 5 (10th Cir. 2007); Ashcroft v. Al-Kidd,_U.S._,131 S.Ct. 2074, 2083, 179, 1149(2011); Anderson v. Creighton,U.S.640,107 S Ct. 3034,97 L.Ed. 2d. 523(1987);Owen v. City of Independence (1980) 445 U.S. 622 Fn. 5 [63 L.Ed. 2d. 673, 100 S. Ct. 1398]; Hewitt v. City of Truth or Consequences, 758 F. 2d 1375 (10th Cir.),cert. denied, 474 U.S. 844, 106 S. Ct. 131, 88 L.Ed. 2d. 1458, 108 (1985); at a time when plaintiff's Section 1983 right should have been "clearly established"

**33.  Decision Applying Public Trust [cite]City of Berkeley v. Superior Court (1980)26 Cal. 3D 515, 533-534 [162 Cal. Rptr. 327, 606 P. 2d 362].** Potential liability of defendant's was extended under earlier court decisions [cite] Peterson v. Superior Court, supra, 31 Cal. 3d 147, 152; Neel, supra, 6 Cal. 3d at page 193.(Peterson, supra, 31 Cal. at p. 153.)Mr. Mood has thus, established that a genuine dispute exists only where his complaint is maintained in good faith and on reasonable grounds, when determining if a dispute is genuine, the court does not decide which side is "right" as to the disputed matter, but only

1   that a reasonable and legitimate dispute actually existed. [citation] "A dispute is legitimate,

2   if it is founded on a basis that is reasonable under all the circumstances." [citation]Plaintiff

3   also establishes that, in Moradi-Shalal,supra, 46 Cal. 3D at p. 305, it was held by the court

4   approving the general rule affording retrospectivity to judicial, decisions overruling prior

5   decisions. [cite] Peterson v. Superior Court (1982) 31 Cal. 3d. 147, 151-152 [181 Cal. Rptr.

6   784. 642 P. 1305]; Cleary, supra. 111 Cal. App. 3d. 443; permitting recovery of tort

7   damages; [cite] Khanna, supra, 170 Cal. App. 3d. 250.

8   **34. The "Administration of Justice"retroactive application, providing the existence of**

9   **so called "intangible" damages may be in theory, from "Special findings"** [cite]Safeway

10  Stores, Inc. v. Nest-Kart (1978) 21 Cal. 3d. 322, 334[ 146 Cal. Rptr. 550, 579 P.2d 441];

11  concluding it was "probable that in a substantial number of cases . . . trial courts will have

12  directed juries to return special findings" "allocating responsibility" among multiple

13  defendant's. [cite] Moradi-Shalal, supra, 46 Cal. 3d. at p. 305.

14  **35.**  Plaintiff finally concludes that, when a verdict is found for the plaintiff in an action for

15  the recovery of money, or for the cross- complaint,in an action commenced under Title 7

16  commencing with Section 1230.010, when a cross complaint for the recovery of money is

17  established. Under Code of Civil Procedure 428, 10-428.80 in all cases the court may direct

18  the jury to find a special verdict in writing, upon all or any of the issues. And in all cases

19  may instruct them, if they render a general verdict, to find upon particular question of fact

20  to be stated in writing, and may direct a written finding thereon, in all cases in which the

21  damages is presented to the jury the court shall direct the jury to find a special verdict

22  separating section 1983 damages from nominal, compensatory damages. Courts have also

23  taken cognizance of physical beatings and violence, resulting in deprivations of due process

24  [cite] United States v. Price, 383 U.S.787, 86 S. Ct. 1152, 16 L.Ed. 2d. 267(1966); Williams

25  v. United States, 341 U.S. 97, 71 S. Ct. 576, 95 L.Ed. 774 (1951); Screws v. United States,

26  325 U.S. 91, 65 S. Ct. 1031, 89 L.Ed. 1495 (1945).

27

28

APPELLANT IVIN MOOD SEEKS LEAVE TO PETITION FOR MOTION FOR GRANT
OF SUBJECT MATTER JURISDICTION U.S. CONST. Art III, 28 U.S.C. Section 1331, 1367

1

2   **36.**                                                        CONCLUSION

3           Under penalty of perjury the foregoing is true and correct under the laws

4           of the State of California.

5       Dated 09/ 25 / 2022                              Signed: _____
                                                         Ivin Mood, Plaintiff in Pro Per
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

APPELLANT IVIN MOOD SEEKS LEAVE TO PETITION FOR MOTION FOR GRANT
OF SUBJECT MATTER JURISDICTION U.S. CONST. Art III, 28 U.S.C. Section 1331, 1367

## UNITED STATES DITRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF COMPLIANCE

Plaintiff in Pro per Ivin Mood, hereby certifies that pursuant to Rule 8.204(c)(1) or 8.360(b)(1), of the California Rules of Court, the enclosed brief of ___17 pages___, is produced using 13-point Roman type. Including footnotes and contains approximately ___3550___, words, which is less than the total words permitted by the rules of court, plaintiff relies on the word count of the computer program used to prepare this brief.

Dated: _09/29/2022_

Signed: _____

Print: _____

Attorney(s) for: _____